CIVIL COMPLAINT FORM TO BE USED BY A *PRO SE* PRISONER

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Charles F. Hymer   0078358
**Full Name of Plaintiff**      **Inmate Number**

v.

Dr. Timothy Kross
**Name of Defendant 1**

Dr. Kevin Kollman
**Name of Defendant 2**

Dr. Boland
**Name of Defendant 3**

Katherine McCormick
**Name of Defendant 4**

See Attachment #:(1)(a)
**Name of Defendant 5**
(Print the names of all defendants. If the names of all
defendants do not fit in this space, you may attach
additional pages. Do not include addresses in this
section).

Civil No. 3:22-CV- 1531
(to be filled in by the Clerk's Office)

(___) Demand for Jury Trial
(___) No Jury Trial Demand

**FILED
SCRANTON**

SEP 3 0 2022

PER _____
DEPUTY CLERK

I.   **NATURE OF COMPLAINT**

Indicate below the federal legal basis for your claim, if known.

✓   Civil Rights Action under 42 U.S.C. § 1983 (state, county, or municipal defendants)

___   Civil Rights Action under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388
(1971) (federal defendants)

___   Negligence Action under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346, against the
United States

J. Burd.
Name of Defendent 5

Doris Varner
Name of Defendent 6

K. Ardery
Name of Defendent 7

**II.**   **ADDRESSES AND INFORMATION**

**A.**   **PLAINTIFF**

Hymer, Charles F.

Name (Last, First, MI)

78358

Inmate Number

Chester County Prison

Place of Confinement

501 S. Wawaset Road

Address

West Chester, Chester County, Pennsylvania, 19382

City, County, State, Zip Code

Indicate whether you are a prisoner or other confined person as follows:

✓  Pretrial detainee

___  Civilly committed detainee

___  Immigration detainee

___  Convicted and sentenced state prisoner

___  Convicted and sentenced federal prisoner

**B.**   **DEFENDANT(S)**

Provide the information below for each defendant. Attach additional pages if needed.

Make sure that the defendant(s) listed below are identical to those contained in the caption.   If incorrect information is provided, it could result in the delay or prevention of service of the complaint.

Defendant 1:

Kross, Dr. Timothy

Name (Last, First)

Addictionologist

Current Job Title

Wellpath, 600 North 12th st.

Current Work Address

Lemoyne, Cumberland, Pennsylvania, 17043

City, County, State, Zip Code

Defendant 2:

Kollman, Kevin
Name (Last, First)

Medical Director
Current Job Title

Wellpath, 600 North 12th St.
Current Work Address

Lemoyne, Cumberland, Pennsylvania, 17043
City, County, State, Zip Code


Defendant 3:

Dr. Boland
Name (Last, First)

Medical Supervisor
Current Job Title

SCI-Benner Township, 301 Institution Drive
Current Work Address

Bellefonte, Center, County, Pennsylvania, 16823
City, County, State, Zip Code


Defendant 4:

McCormick, Katherine
Name (Last, First)

Nurse
Current Job Title

SCI-Benner Township, 301 Institution Drive
Current Work Address

Bellefonte, Center County, Pennsylvania, 16823
City, County, State, Zip Code


Defendant 5:

Burd, J.
Name (Last, First)

Facility Grievance Coordinator
Current Job Title

SCI-Benner Township, 301 Institution Drive
Current Work Address

Bellefonte, Center, County, Pennsylvania, 16823
City, County, State, Zip Code

# B. DEFENDANT(S)

Defendant 6:

Varner, Doris
Name (Last, First)

Chief Grievance Officer
Current Job Title

1920 Technology Parkway
Current Work Address

Mechanicsburg, Cumberland, Pennsylvania, 17050
City, County, State, Zip Code


Defendant 7:

Ardery K.
Name (Last, First)

RNS
Current Job Title

SCI - Benner Township, 301 Institution Drive
Current Work Address

Bellefonte, Center County, Pennsylvania, 16823
City, County, State, Zip Code

III.    STATEMENT OF FACTS

State only the facts of your claim below.  Include all the facts you consider important.  Attach additional pages if needed.

A.      Describe where and when the events giving rise to your claim(s) arose.

State Correctional Institution, Benner Township
Housing Block D, side A, November 9th & November 12th, 2020

B.      On what date did the events giving rise to your claim(s) occur?

November 9th, 2020 at Between the hours of 06:00 to 09:00 am
November 12th, 2020

C.      What are the facts underlying your claim(s)? (For example:  What happened to you? Who did what?)

See Attachments #: 1-B, 2-B, 3-B, 4-B, 5-B, 6-B
7-B, 8-B, 9-B, 10-B, 11-B, &
12-B

Attachment 1-B

| Form DC-135A<br><br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>INSTRUCTIONS<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|

RECEIVED
NOV 19 2020
Superintendent's Office

1. To: (Name and Title of Staff Member/Officer)
   Superintendent/ Doc. Marsh

2. Date: 11-12-2020

3. By: (Print Inmate Name and Number)
   Charles Hymer   MN 4391
   _____
   Print Name and Number
   Charles Gee   MN 4391
   _____
   Inmate Signature

4. Counselor's Name:
   ~~Mr. Stone~~ Mr. Snyder

5. Unit Manager's Name:
   ~~Miss Fisher~~ Ms. Urbaniki

6. Work Assignment: N/A

7. Housing Assignment: ~~~~ DA-162

8. Subject: State your request completely but briefly. Give details.

Im writing this Request in Regards to being Removed from the MAT Program. The Doctor of the MAT Program told me to write an Appeal to Doc. Marsh and Deputy Booher explaining the situation if I had any disagreement's with the Action's or reasoning's that caused me to be removed from the MAT Program. So on 11-7-2020 when Treatment line brought me my Medication in the Morning with the Lt. like every morning sence Ive been on the Compound. They gave me my medication, told me to take a drink prior to dumping it into my mouth, under my tounge, and give it time to disolve. When It felt like it was dissolved, I took another drink of water and opened my mouth and showed my Tounge, under my tounge, under both of my lips and the roof of my mouth as Ive Always been told to do. The nurse told me I still had some in my teeth and instructed me to take another drink and swoosh it around so I did, wait a few more minutes and show my whole mouth once Again, so I did, and was told Okay and Thank You I was done. So Today on 11-12-2020 I went to see the Doctor of the MAT Program to get my Medication renewed like every Month and the Doctor told me he had recieved an Email from Doc. Kollman, saying I wasn't following =

9. Response: (This Section for Staff Response Only)

THIS IS A MEDICAL PROVIDER
DECISION BASED ON YOUR ACTIONS
I DON'T HAVE AUTHORITY TO OVERRIDE
THAT DECISION

To DC-14 CAR only ☐         To DC-14 CAR and DC-15 IRS ☐

STAFF MEMBER NAME   MARSH
                    _____        _____     DATE 11/19/2022
                         Print                  Signature

RECEIVED
DEC 07 2020
CSA Office

Attachment 3-A

*7.2.1, Counseling Services Procedures Manual - Section 3, Request Slips*

Attachment # 2-B

| Form DC-135A<br><br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections |
|---|---|
| | INSTRUCTIONS<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |

| 1. To: (Name and Title of Officer)<br>Mr. Boland / Medical | 2. Date:<br>11-18-2020 |
|---|---|
| 3. By: (Print Inmate Name and Number)<br>Charles Hymer MN 4391<br>Charles Hymer MN 4391<br><span style="font-size:smaller">Inmate Signature</span> | 4. Counselor's Name:<br>Mr. Snyder |
| | 5. Unit Manager's Name:<br>Ms. Urbaniski |
| 6. Work Assignment:<br>N/A | 7. Housing Assignment:<br>D-A-162 |

8. Subject: State your request completely but briefly. Give details.

Im writing this Request in Regards of being Removed from the MAT Program. Dr. Cross and Dr. Kollman told me to Appeal to Superintendent Dr. Marsh & Deputy Bacher if I had any disagreement about the decission made on 11-12-2020 of being removed from the MAT Program, explaining what had taken Place and ask to be Placed back in the MAT Program. So I had wrote them both and was told It was a Medical Issue to Write Medical, and was told to write you. So Im writing you to explain what took place on 11-7-2020, that made me be taken out of the MAT Program, and ask you to Please Place me back into the Program. On 11-7-2020, when Treatment Came to the Block to give my Medication, (with a Lt.) like every Morning sence Ive been on the Compound, told me to take a drink prior to dumping it into my mouth, under my tounge, give it time to dissolve. When it felt as if it was all dissolved, I took another drink of water and opened my mouth and showed my tounge, Under my Tounge, under both of my lips and the Roof of my Mouth as Ive always been told to do. The Nurse said there was still some in my teeth, (between them) and instructed me to take another drink and swoosh it around, so I did, wait a few more minutes, and show my whole mouth once Again. So I did, and was told, Okay and Thank You I was done. So on 11-12-2020, I went to see Dr. Cross of the

9. Response: (This Section for Staff Response Only)

It is noted that on 11/9/20 you were attempted to divert Suboxone when it was administered. This was relayed to Dr. Kross + he ordered to taper you off of this medication.

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

STAFF MEMBER NAME   Boland cmcA

<span style="margin-left:4em">Print</span>   <span style="margin-left:8em">Signature</span>

DATE 11/25/2020

RECEIVED

DEC 07 2020

*7.2.1, Counseling Services Procedures Manual - Section 3, Request Slips*

*Attachment 3-A*

Attachment # 3-B

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

FOR OFFICIAL USE
902736
GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: SCI-Benner Township | DATE: 12-3-2020 |
|---|---|---|
| FROM: (INMATE NAME & NUMBER) Charles Hymee / MN 4391 | SIGNATURE OF INMATE: Chas K. Hy | |
| WORK ASSIGNMENT: N/A | HOUSING ASSIGNMENT: DA 162 | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

On 11-12-2020, I was froom the MAT Program by Dr. Kross due to him Recieving an Email saying that I Attempted to Divert Suboxone when it was administered to me by Medical Treatment on 11-9-2020, with alt.), Present as has been sence the Day I was Transfer In (Benner Township) on 8-4-2020, I have read the Benner Township Hand Book and Supplement Inmate HandBook to try to find the Section that Pertains to Medical Procedure and the Disciplinary Actions of Diverting or Removing Medication that is Produced by Medical or Hoard Medication and Could not find anything Pertaining to Action Taking for such Incident. But from Prior SCI's in the State of Pennsylvania and Maryland Correctional Institution's, the Inmate HandBooks state that Any Person or Persons Whom Try to Remove or Divert Medication or Hoard Medications from Medical that is not Prescribed to be Allowable to obtain outside of Medical Treatment is to Recieve a Disciplinary Action or DC-141-Misconduct. Which I did not Recieve because I took my Prescribed Medication As I was told to By Medical Treatment, while in the Present of the (Lt.) that was on Duty at that Time Which I Explained to Dr. Kross and Dr. Kollman on 11-12-2020 during My Video Visit for my Monthly Renewal, and Whom told me if I had any disagreement with the Actions taken to Remove Me from the MAT Program I was to Appeal it to the Superintendent Dr. Marsh and Deputy Booher Explaining Why I disagree. As I told them and Also Mr Boland, (Which I've Placed Copy's of the Request or DC-135A that I sent to them, with this Grievance) On 11-9-2020 Treatment Line Come to the Block and it=

B. List actions taken and staff you have contacted, before submitting this grievance.

Sent Form DC-135A, To Superintendent Dr. Marsh, Deputy Booher and Dr. Boland explaining what happened on 11-9-2020 and asking to be Placed back in the MAT Program because I did nothing Wrong to be Removed from the Program in the first Place.
((Placed Copy's of DC-135A's I sent out and Recieved Back with this Grievance))

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Signature of Facility Grievance Coordinator          12/7/2020
                                                      Date

WHITE Facility Grievance Coordinator Copy       CANARY File Copy          PINK Action Return Copy
GOLDEN ROD Inmate Copy

RECEIVED
DEC 07 2020
USA office

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 1 – Grievances & Initial Review*
Issued: 1/26/2016
Effective: 2/16/2016

*Attachment 1-A*

Attachment 4/5

Continuance Of Grievance

| | Facility: SCI-Benner Township |
| --- | --- |

From: Charles Hymer / MN4391

Signature of Inmate: [signature]   Date: 12-3-2020

Work Assignment: N/A

Housing Assignment: DA-162

A. Page 2,

RECEIVED

DEC 0 7 2020

CSA Office

was either Nurse Kelly or Katherine that Brought me my Suboxone with A (Lt.), as has been done Every Morning sence Ive been at SCI-Benner Township. Meaning A (LT.) is Present everytime Ive received my Medication, Not Always the Same Nurse. I was told to Take A Drink Prior to dumping my Medication into my Mouth, Under my Tounge. Give it time to Disolve, Which I Did When It Felt as if it All had Disolved, I took another Drink as I was told and Opened my Mouth and Showed my Tounge, Under my Tounge, Under Both of My Lips and the Roof of my Mouth as Ive Always been told to. The Nurse told Me I Still had Some in My Teeth and Instructed me to take Another Drink and SWOOSH it around, So I did. Waited a few More Minutes and showed my whole Mouth Once Again, So I Followed the Instructions Given, And was Told Okay and Thank You I was Done. On 11-12-2020 I went to Medical For My Monthly Renewal and was told I was being Removed due to the Email that was Recieved.

This Grievance is because Ive Always Been Fully Medically Complient with all Rules of my Medication. I did Nothing Wrong to be Removed from the MAT Program, and Im Asking to Please be Placed Back into the Program. Please and Thank You For Your Time

Charles Hymer / MN4391

[signature] / MN4391

*Attachment # 5-E*



# Initial Level Extension

SCI Benner Township
301 Institution Dr
Bellefonte, PA, 16823-1665

12/29/2020 12:25

| Inmate Name: | HYMER, CHARLES | DOC #: | MN4391 |
|---|---|---|---|
| Facility: | Benner Township | Unit Location: | D / A  162 |
| Grievance #: | 902736 | | |

In accordance with the provisions of DC-ADM 804, Inmate Grievance System policy, this notification provides notice that staff requires an extension for responding to your grievance.

**Action:**

**Notice of Staff Extension** – This serves as written notification that an extension is necessary in order to appropriately investigate and respond to your grievance (or appeal). Staff has been authorized to extend the response time by 10 additional working days.

**Comments:**

| Signature: | |
|---|---|
| Name: | J. Burd, AO1 |
| Title: | Facility Grievance Coordinator |
| Date: | 12/29/2020 |

cc:  Facility Grievance Coordinator
DC-15

---

 Attachment # 6-B



## Initial Review Response

SCI Benner Township
301 Institution Dr
Bellefonte, PA, 16823-1665

01/20/2021 01:49

| Inmate Name: | HYMER, CHARLES | DOC #: | MN4391 |
|---|---|---|---|
| Facility: | Benner Township | Unit Location: | D / A |
| Grievance #: | 902736 | | |

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer.  The response is as follows:

| Decision:Grievance Denied |
|---|
| It is the decision of this Grievance Officer to uphold, deny, or uphold in part/deny in part the inmate's initial grievance.  This response will include a brief rationale, a summary of the conclusion, any action taken to resolve the issue(s) raised in the grievance, and the relief sought. |

**Response:**

I am in receipt of your Official Inmate Grievance dated 12/3/2020 in which you report being removed from the Mat program by Dr. Kross for being accused of diverting your medication which you report was not true. You report reading your Inmate Handbook and cannot find any section that pertains to the medical procedure and diverting of medications. You report speaking with Dr. Kross at a video conference with Dr. Kollman present and explained to both of them that you did not divert your medication. You report you were informed that if you had any disagreements with this decision you could appeal it through the proper channel which is why this grievance was initiated. You also report you followed all the directions given by the  nurse to drink water prior to having the medications dumped under your tongue. You gave the medication time to dissolve and took  another drink of water as instructed. You then report allowing the nurse to do a mouth check and the nurse told you to take another drink of water and swoosh it around because you still had some of the medication in your teeth. You report another mouth check by the nurse and were told you were good to go.

After speaking with the medical staff involved and reviewing your medical chart it was noted on 11/9/2020 that Suboxone had been administered by the medical staff.  It was also noted that you appeared very anxious during the administration process.  After initiating the mouth check you attempted to leave the area when you were stopped again by medical to recheck your mouth where it was noted that medication had been packed behind your front teeth. It was reported that you immediately shut your mouth. Dr. Kollman was made aware of this incident per his documentation. It was noted on 11/12/20 you were seen by Dr. Kross for a teleconference with Dr. Kollman present and were told that due to the attempted diverting of the medication you were being removed from the program. You were placed on tapering doses of Suboxone and also placed on Clonidine as needed for withdrawal which was administered. Since tapering of medication there has been no adverse reaction reported by yourself or documented by medical staff.

In light of this information, your grievance is denied. Please utilize the sick call process for any medical needs.

| Signature: | *K Ardery* |
|---|---|
| Name: | K. Ardery |
| Title: | RNS |
| Approver: | J. Burd |
| Date: | 1/20/21 |

---

DC-ADM 804, Inmate Grievance System Procedures Manual

**Section 1 - Grievances & Initial Review, Attachment 1-D**                    Issued: 1/26/2016 Effective: 2/16/2016

MN4391    Grievance #:902736

HYMER, CHARLES                                                                                      Page1 of 2



Attachment # 1-B



**Initial Review Response**

SCI Benner Township
301 Institution Dr
Bellefonte, PA, 16823-1665

01/20/2021 01:49

CC:  Facility Grievance Coordinator
     DC-15

---

**DC-ADM 804, Inmate Grievance System Procedures Manual**

**Section 1 - Grievances & Initial Review, Attachment 1-D**                 Issued: 1/26/2016  Effective: 2/16/2016

MN4391     Grievance #:902736

HYMER, CHARLES                                                              Page2 of 2

Page 1   Attachment # 8 D

RECEIVED

FEB 0 4 2021

Superintendent's Office

## SCI-Benner
## INMATE APPEAL TO FACILITY MANAGER
## GRIEVANCE

| Inmate Number | NAME | HOUSING UNIT | DATE | GRIEVANCE# |
|---|---|---|---|---|
| MN 4391 | Charles Hymer | DA 155 | 2-1-2021 | 902736 |

I received my initial response from the Grievance Office/Coordinator on __2-1-2021__ and have the following appeal issues.

### Refer to DC-ADM 804, Grievance Appeal Procedures, for complete instructions.

### Please provide a BRIEF (no longer than two pages) appeal statement.

On 11-12-2020, I was Removed from the MAT Program (a Life Sustaining Medication) By Dr. Kross, due to him recieving an Email, Claiming that I (Attempted) to try Divert, Vacate or Removing my Subuxone when it was Administered by Medical Treatment on 11-9-2020, with Lt. Berry, Present, and By Nurse Katherine McCormick. I Explained to Dr. Kross and Dr. Kollman at my monthly Renewal Video Visit on 11-12-2020 about the Claim he recieved. He informed me that if I had any disagreement with the Action's taken to Appeal it to superintendent Dr. Marsh and Deputy Booher Explaining why I disagree. As I Did on 11-12-2020, and was told It's a Medical Provider Decision (Copy of form DC-135A Attached). Then told to write Mr. Boland/Medical, as I did on 11-18-2020 (Copy of Form DC-135A Attached) responce was 1(Attempted) to Divert Subuxone (Life Sustaining Med). So I Filed Grievance #902736 Explaining that On 11-9-2020 Treatment Line Came to the Block with Lt. Berry Administered to me my Subuxone (Life Sustaining Med) As Every morning. I was told to take a Drink Prior to Dumping my Medication Under My Tounge. Give it Time to Disolve, Which I did. When it Felt As It had Diselved, I took Another drink, as I was told, and Opened My Mouth and Showed my Tounge, Under my Toonge, Under Both of My Lips and the Roof of My mouth as I was told. The Nurse told me I still had Some in my teeth and Instructed me to take Another Drink and SWOOSh it around. Waited a few more minutes and showed my Whole Mouth Again as told to do Again, So I Followed Instruction's given, And was told Okay I was Done. But then removed on 11-12-2020 for the Claim of (Attempting) to remove My Medication on 11-9-2020, But have not Produced no Evidence to support their claim that I did Anything wrong. To remove me from a Life Saving, (Life Sustaining Med) there should be a good reason. (Which there is Not). I never recieved A DC-141 Misconduct, No medication were found on My Person or in my Cell, No Camera Footage shows Such an Action, My Monthly Urine Test's have Come back Correct Everytime. I've Always Been Medically Compliant with All Rules of My Medication. The Person's Involved can not Simply just State Something

INMATE SIGNATURE: _Charles Hymer_ MN 4391

*Page 2*        Attachment # 9-B

| Inmate Number | NAME | HOUSING UNIT | DATE | GRIEVANCE# |
|---|---|---|---|---|
| MN 4391 | Charles Hymer | DA 155 | 2-1-2021 | 902736 |

I received my initial response from the Grievance Office/Coordinator on __2-1-2021__ and have the following appeal issues:

Refer to DC-ADM 804, Grievance Appeal Procedures, for complete instructions.

Please provide a BRIEF (no longer than two pages) appeal statement.

as Fact with no Evidence. IF Benner Township was to take witness testimony to be their facts then this Grievant should of also received a Misconduct for playing with his Medication but that didnt happen either. Any other allegations used to justify takin me off my (Life Sustaining Medication) must again have evidence/Proof, Video Footage, Meds. found on me or in My Cell, Urine Sample not Correct etc. None of that has ever been Brought up and if it had I would be in the RHU for it. Lastly.

I Also Placed Grievance #911471 on Grievance #902736 Claiming, DC-Adm 804 Policy is not being Followed on Grievance #902736

Fact's

1) I Filed Grievance #902736 on 12-3-2020 and it was Filed and Entered into the System on 12-7-2020

2) 12-7-2020 (Monday) was the start of the 15 Days Excluding Weekends & Holidays My Initial Response was Due Approx. Tues. 12-29-2020

3) I Recieved A 10 Day Extension of Time Notice on Grievance #902736

4) Extension Started on 12-29-2020 and Excluding Weekend's & Holidays was Due 1-13-2021

5) I didn't recieve a Response for Grievance #902736 untill 2-1-2021, But was Claimed it was Responded to on 1-26-2021

6) DC-Adm 804 Clearly lays out the Rules. Everybody has to Abide by. So While it may be A "Facility Rule" to Allow People to do things however they want because it is Acceptable in the Institution. The Fact of the matter is "Policy Supercedes Facility R

⑥ Policy is being Violated And My Due Process. There is No Excuss for Not Following Policy And Completing My Initial Response As I Was Due on 1-13-2021, Other then Laziness and Being Comfortable In Belief thier Co-Workers Would Cover for them.

Requested Relief: Im requesting to be Placed Back into the MAT Program, ASAP, Also a Sum of $1,000,000 for Policy Rules being Violated. Being Removed from a Life Saving (Life Sustaning Medication) without A Misconduct or Reason or Evidence to support Removing me From My Medication in the First Place.

INMATE SIGNATURE: _Charles Hymer_  MN-4391

Attachment # 10-B



# Facility Manager's Appeal Response

SCI Benner Township
301 Institution Dr
Bellefonte, PA, 16823-1665

02/25/2021 10:11

| Inmate Name: | HYMER, CHARLES | DOC #: | MN4391 |
|---|---|---|---|
| Facility: | Benner Township | Unit Location: | D / A |
| Grievance #: | 902736 | | |

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted above. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me and any other documents submitted.

### Decision: Uphold In Part/Deny In Part

It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.

**Response:**

I have reviewed your Official Inmate Grievance, Initial Grievance Response, Grievance Appeal, and facts surrounding your complaint.

In your Grievance Appeal, you state that on November 12, 2020, you were removed from the MAT Program by Dr. Kross. You say that it was explained to Dr. Kross that you tried to supposedly divert, vacate or remove your Suboxone when it was administered by medial staff on November 9, 2020. You state that Lt. Berry and Nurse McCormick were present during this treatment line. You were advised by Dr. Kollman and Dr. Kross to appeal the removal from the MAT Program to Superintendent Marsh. You advise that prior to filing a grievance, you wrote numerous Inmate Requests to Staff explaining the situation. You state that you followed the direction that was given while the Suboxone was being administered. You further state that you never received a Misconduct Report for this incident, nor was there medication found on your person or in your cell. In addition, there is no DIVAR Video Footage present nor, did your monthly urinalysis testing come back positive. You lastly, wish to address the fact that you did not receive a response to your Initial Grievance in a timely manner.

As previously advised within your Initial Grievance, on November 9, 2020, while staff were administering your Suboxone, you appeared to be anxious during the administration process. While attempting to do mouth checks, it was discovered that you had Suboxone packed behind your front teeth. It should be noted that because you attempted to divert your medication, Dr. Kross and Dr. Kollman removed you from the program.

In investigating the issues in which you claim, it is my decision to uphold in part/deny in part. I am upholding in part based on the fact that your Initial Grievance Response was not provided to you in a timely manner. I am deny in part based on the fact that you attempted to divert your Suboxone during the administration process. As notated in previous Inmate Requests to Staff, the decision to have you removed from the MAT Program was a medical provider decision and this decision cannot be overridden. Your requested relief is also denied.

---

**DC-ADM 804, Inmate Grievance System Procedures Manual**

**Section 2 - Appeals, Attachment 2-B**

MN4391    Grievance #:902736

HYMER, CHARLES

Attachment # 11 B



# Facility Manager's Appeal Response

SCI Benner Township
301 Institution Dr
Bellefonte, PA, 16823-1665

02/25/2021 10:11

| | |
|---|---|
| Signature: | *ymarsh Jr* |
| Name | R. Marsh |
| Title: | Facility Manager |
| Date: | 2/25/2021 |

CC:  DC-15
File

*Attachment # 12-B*



11/05/2021 01:55

# Final Appeal Decision

Secretary's Office of Inmate Grievances & Appeals
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

| | | | | |
|---|---|---|---|---|
| **Inmate Name:** | HYMER, CHARLES | **DOC #:** | MN4391 |
| **SCI Filed:** | Benner Township | **Current SCI:** | 27 N. Cameron St. Harrisburg, PA 17101 |
| **Grievance #:** | 902736 | | |

This serves to acknowledge receipt of your appeal to the Secretary's Office of Inmate Grievances and Appeals for the grievance noted above. In accordance with the provisions of DC-ADM 804, Inmate Grievance System Policy, the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to the Facility Manager, the Facility Manager's response, the issues you raised to final review, and (when applicable) any revised institutional responses required as a result of a subsequent remand action by this office. As necessary, input from appropriate Central Office Bureaus (e.g., Health Care Services, Chief Counsel, Office of Special Investigations and Intelligence, etc) may have been solicited in making a determination in response to your issue as well.

**Decision:Uphold Response**

It is the decision of the Secretary's Office of Inmate Grievances and Appeals to uphold the initial response, uphold the inmate, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.

**Response:**

A review of the record was conducted by the Bureau of Health Care Services regarding your concern of not being provided proper medical care. Your medical record was reviewed and it was determined that the medical care provided was reasonable and appropriate. The findings of this review concur with the Initial Review Response. These clinical decisions are made by your attending practitioner. You are encouraged to participate in your treatment plan and to discuss your concerns or changes of condition with a practitioner. No evidence of wrongdoing was identified. Your grievance and requested relief are denied.

| | |
|---|---|
| **Signature:** | *Keri Moore for* |
| **Name:** | D. Varner |
| **Title:** | Chief Grievance Officer |
| **Date:** | 11/05/21 |

CC: DC-15/Superintendent - Benner Township
Grievance Office

## IV.    LEGAL CLAIM(S)

You are not required to make legal argument or cite any cases or statutes.  However, state what constitutional rights, statutes, or laws you believe were violated by the above actions.  If you intend to assert multiple claims, number and set forth each claim in separate paragraphs. Attach additional pages if needed.

See Attachment # 1-C

## V.    INJURY

Describe with specificity what injury, harm, or damages you suffered because of the events described above.

Suffered through Withdraw Illness from approximantly 11-14-2020 to approximantly 11-28-2020, Also Depression that Led into a Relapse that ended in an Overdose on 4-14-2021.

## VI.    RELIEF

State exactly what you want the court to do for you.  For example, you may be seeking money damages, you may want the court to order a defendant to do something or stop doing something, or you may be seeking both types of relief.  If you are seeking monetary relief, state your request generally.  Do not request a specific amount of money.

1) Placed Back Into Treatment / MAT Program
2) $350,000.00 Punitive Damage
3) $50,000.00 Compensatory Damage

Attachment #: 1-C

1) Dr. Timothy Kross, Dr. Kollman, Dr. Beland and Nurse Katherine McCormick acted under color of state and/or local law where they, directly violated Plaintiff's Right to proper Medical care and failed to Protect Plaintiff from consequences which would be reasonably expected to occur as a result of the lack of such Medical care where they ceased medical treatment for an opiate addiction based on False unsubstantiated accusations which caused Plaintiff to be subjected to physical and mental suffering and relapse resulting in near-death in violation of the Eighth Amendment of the United States Constatution while employed or contracted by the Pennsylvania Department of Corrections and/or a facility under their jurisdiction and supervision.

2) J. Burd, K. Ardery and Doris Varner acted under color of state and/or local law where they directly violated Plaintiff's Right to Due Process protected by the Fourteenth Amendment of the United States Constatution where they failed to respond, address, and/or Act in a timely manner as required by the Due Process Protections set out in D.O.C Policy DC-ADM 804, which furthured and/or failed to relieve Plaintiff's pain and suffering of which they were made aware.

## VII.    SIGNATURE

By signing this complaint, you represent to the court that the facts alleged are true to the best of your knowledge and are supported by evidence, that those facts show a violation of law, and that you are not filing this complaint to harass another person or for any other improper purpose.

Local Rule of Court 83.18 requires *pro se* plaintiffs to keep the court informed of their current address.  If your address changes while your lawsuit is being litigated, you must immediately inform the court of the change in writing.  By signing and submitting the complaint form, you agree to provide the Clerk's Office with any changes to your address where case-related papers may be served, and you acknowledge that your failure to keep a current address on file with the Clerk's Office may result in dismissal of your case.


Signature of Plaintiff


Date

US POSTAGE

quotient

FIRST-CLASS MAIL
IMI
$002.16
09/28/2022 ZIP 19382
043049228302

+$ 2.16

Charles Hymer    E21
ID# 00783558
Chester County Prison
501 S. WAWASET Road
West Chester, PA 19382

OFFice OF THE CLERK

U.S. District Court

Middle District of Pennsylvania

William S. Nealon Federal BLDG. & U.S. Courthouse

235 North Washington Avenue

P.O. Box 1148

Scranton, PA 18501-1148

RECEIVED
SCRANTON

SEP 30 2022

PER _____
DEPUTY CLERK