**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES F. HYMER,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:22-1531** |
| **v.** | : | **(JUDGE MANNION)** |
| **DR. TIMOTHY ROSS, *et al.*,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Pending before the Court are Dr. Timothy Kross's ("Dr. Kross") and Dr. Kevin Kollman's ("Dr. Kollman") motions to dismiss *pro se* Plaintiff Charles F. Hymer's ("Plaintiff") complaint "following the bankruptcy discharge," (**Doc. 35**), and for "failure to prosecute," (**Doc. 37**); and Dr. Boland's and Katherine McCormick's ("Nurse McCormick") motion to dismiss for "failure to prosecute," (**Doc. 53**). For the reasons set forth herein, the three motions will be **GRANTED,** and the case will be **DISMISSED**.

### I. BACKGROUND

Plaintiff brought the underlying cause of action pursuant to 42 U.S.C. §1983 for deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution against the following Defendants: (1) Dr. Kross, an addictionologist working for Wellpath, the medical provider for Pennsylvania State Correctional Institution Benner

Township ("SCI Benner Twp."); (2) Dr. Kollman, a medical director for Wellpath; (3) Dr. Boland, a medical supervisor at SCI Benner Twp.; and (4) Nurse McCormick, a nurse at SCI Benner Twp. (Doc. 1 at 1–4, 20).[1] These claims are based on events that allegedly occurred at SCI Benner Twp. while Plaintiff was incarcerated there in November 2020. *See* (Doc. 1 at 1–6, 20).

On July 8, 2024, Dr. Boland and Nurse McCormick filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docs. 24, 25). On July 9, 2024, Dr. Kross and Dr. Kollman filed a similar 12(b)(6) motion. (Docs. 27, 28). Plaintiff never filed responses to these motions as required by the Local Rules. *See* M.D.Pa.L.R. 7.6.

On November 19, 2024, Dr. Kross and Dr. Kollman filed a suggestion of bankruptcy and notice of stay in which they indicated that Wellpath Holdings, Inc. filed a voluntary petition for relief under 11 U.S.C. §11 in the United States Bankruptcy Court for the Southern District of Texas. (Doc. 29 at 1–2). Dr. Kross and Dr. Kollman filed a supplemental notice regarding these bankruptcy proceedings on February 13, 2025. (Doc. 30). Based on

---

[1] Plaintiff also asserted claims against Defendants J. Burd, Doris Varner, and K. Ardery (Doc. 1 at 1–4, 20); however, this Court dismissed these claims with prejudice for failure to state a claim under 28 U.S.C. §1915(e)(2)(B), and terminated these Defendants from the case. (Docs. 7 at 16–19; 8 at 2, 40 at 5).

these notices, this Court issued an Order staying and administratively closing this case on March 19, 2025. (Doc. 31).

A copy of the administrative stay Order was sent to Plaintiff at his then-address of record, Pennsylvania State Correctional Institution Dallas. (Doc. 32 at 1). However, it was returned to the Clerk of Court as undeliverable because Plaintiff had apparently been released from state incarceration. *See id.* At that time, Plaintiff had not provided the Clerk of Court with an updated mailing address as required by the Local Rules. *See* M.D. Pa. L.R. 83.18 ("Whenever a party by whom or on whose behalf an initial paper is offered for filing is not represented in the action, such party shall maintain on file with the clerk a current address at which all notices and copies of pleadings, motions or papers in the action may be served upon such party.").

On May 29, 2025, Dr. Kross and Dr. Kollman filed a status report indicating that the bankruptcy court approved Wellpath's chapter 11 plan of reorganization. (Doc. 33). On September 3, 2025, and September 4, 2025, Dr. Kross and Dr. Kollman filed a "motion to dismiss . . . following the bankruptcy discharge," and "motion to dismiss for lack of prosecution." (Docs. 35, 37).

On October 21, 2025, the Court issued an Order which, *inter alia*, lifted the stay and reopened the case. (Doc. 40). The Order also directed Plaintiff

to file responses to the motions to dismiss filed by Dr. Kross and Dr. Kollman (Docs. 35, 37) no later than thirty (30) days from the date of the Order, *i.e.*, Thursday, November 20, 2025. *Id.* Most importantly, the Order notified Plaintiff that if he did not file timely responses to these motions, the Court would "deem him to be unopposed to dismissal of his Eighth Amendment claims against [Dr. Kross and Dr. Kollman] for the reasons stated in the motions." *Id.* at 5. In addition, the Clerk of Court was ordered to update Plaintiff's address. *Id.*

In response to the Court's October 21, 2025 Order, Plaintiff filed a motion to appoint counsel, (Doc. 42), and two motions for an extension of time to file responses to the motions to dismiss, (Docs. 45, 46). On December 18, 2025, the Court denied Plaintiff's motion to appoint counsel without prejudice, and granted his motions for an extension of time to file responses to the motions to dismiss. (Doc. 48). Plaintiff was granted a thirty (30) day extension, *i.e.*, until January 19, 2026, to file responses to Dr. Kross's and Dr. Kollman's motions to dismiss. *Id.*

On February 6, 2026, Dr. Kross and Dr. Kollman filed a supplemental report notifying the Court that Plaintiff never filed responses to the motions to dismiss, (Docs. 35, 37). (Doc. 51). Dr. Kross and Dr. Kollman also aptly noted that Plaintiff never filed a response to any of the other motions to

dismiss, (Docs. 24, 27), which were filed well before this Court administratively stayed and reopened the case. (Docs. 31, 40).

On May 7, 2026, Dr. Boland and Nurse McCormick filed a motion to dismiss "for failure to prosecute," and its accompanying brief. (Docs. 53, 54). In the motion, Dr. Boland and Nurse McCormick similarly argue that Plaintiff never responded to their dispositive motion to dismiss, (Doc. 24), and that the Court should accordingly find that Plaintiff abandoned the lawsuit and dismiss the case. (Doc. 53 at 1-2). In a subsequent status report filed on June 10, 2026, Dr. Boland and Nurse McCormick notified the Court that they attempted to serve copies of their motion and brief on Plaintiff at the address notated for him on the docket in this matter, however, they received a notice that, once again, Plaintiff was no longer at the listed address. (Doc. 55). Dr. Boland and Nurse McCormick were unable to locate Plaintiff, and Plaintiff never filed any response or sought leave of court for additional time to respond to any of their pending motions. *Id.* at 3.

## II. DISCUSSION

The Local Rules for the Middle District of Pennsylvania state that:

> Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules,

> within seven (7) days after service of the motion. Any party who fails to comply with the rule shall be deemed not to oppose such motion.

M.D.Pa.L.R. 7.6.

Generally, a dispositive motion, such as a motion to dismiss, may not be granted merely because it is unopposed. However, a court may dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure "[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order[.]" Fed.R.Civ.P. 41(b). Such a dismissal constitutes a dismissal on the merits. *Id.* The Supreme Court has stated:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. The power is of ancient origin, having its roots in judgments of nonsuit and non prosequitur entered at common law . . . It has been expressly recognized in Federal Rule of Civil Procedure 41(b)[.]

*Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) (internal citations omitted).

The Third Circuit Court of Appeals held that a district court should not dismiss a civil rights complaint brought by a former prisoner for failure to comply with a local rule requiring a response to a dispositive motion without examining the merits of the complaint. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991). However, in reaching this holding, the Court of Appeals did not vitiate the Supreme Court's decision in *Link*, Rule 41(b) of the Federal Rules of Civil Procedure, or the inherent power of the district court to impose the sanction of dismissal for failing to comply with a court order. Instead, the Court of Appeals specifically stated:

> In reaching our result, we do not suggest that the district court may never rely on the local rule to treat a motion to dismiss as unopposed and subject to dismissal without a merits analysis. There may be some cases where failure of a party to oppose a motion will indicate that the motion is in fact not opposed . . . Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked.

*Id.* at 30.

Before dismissing a case as a sanction for failure to follow a court rule or court order, a court must consider the *Poulis* factors. *McKnight v. Kingsboro,* 1:23-CV-1137, 2025 WL 1710244, at *5 (M.D.Pa. June 18, 2025) (citing *Hernandez v. Palakovich*, 293 F.App'x 890, 894 (3d Cir. 2008); *see*

*also Shuey v. Schwab*, 350 F.App'x 630, 633 (3d Cir. 2009) ("*Poulis* has been cited too often and is too deeply ingrained in the jurisdiction of this court and the direct courts of this circuit for a court to assume that a party's failure to respond to a motion to dismiss can be regarded as an abandonment of the claim."). Thus, the Court turns to a consideration of the *Poulis* factors.

In evaluating whether an action should be dismissed for failure to prosecute, we must balance six factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). "No one factor is determinative and not all of the *Poulis* factors must be met to warrant dismissal." *McKnight*, 2025 WL 1710244, at *5 (citing *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)). "Instead, the decision must be made in the context of the court's extended contact with the litigant." *Id.* (internal citations omitted). A balance of the *Poulis* factors weighs heavily in favor of dismissing this action.

**1. Plaintiff's Personal Responsibility**

As a general rule, a *pro se* litigant "bears all of the responsibility for any failure to prosecute his claims." *Winston v. Lindsey*, 1:09-CV-224, 2011 WL 6000991, at *2 (W.D.Pa. Nov. 30, 2011). Furthermore, "a *pro se* litigant is responsible for his failure to comply with court orders." *Lopez v. Cousins*, 435 F.App'x 113, 116 (3d Cir. 2011). Because Plaintiff is *pro se*, he is personally and solely responsible for his failure to comply with the Federal Rules of Civil Procedure, the Local Rules of the Middle District of Pennsylvania, and this Court's Orders. Plaintiff has neglected to litigate his claims against all Defendants and failed to file a brief in opposition to all Defendants' pending motions to dismiss in violation of the Local Rules, and in the case of Dr. Kross's and Kollman's motions to dismiss, (Docs. 35, 37), in violation of this Court's Order, (Doc. 40).

Despite granting Plaintiff additional time to file responses when requested, (Doc. 48), Plaintiff nonetheless has opted not to prosecute this case. This factor, accordingly, weights heavily in favor of dismissal.

**2. Prejudice to Defendants**

Regarding the second factor, a finding of prejudice does not require "irremediable harm." *McKnight*, 2025 WL 1710244, at *6 (quoting *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 873-74 (3d Cir.

1994)). "[T]he burden imposed by impeding a party's ability to [effectively prepare] a full and complete trial strategy is sufficiently prejudicial." *Id.* (quoting *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003)). Examples of prejudice are "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Id.* (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984)).

Here, Plaintiff's failure to engage with Defendants' motions not only delays the resolution of claims against them, but prejudices their ability to adequately prepare a defense. Accordingly, this factor weighs in favor of dismissal.

**3. History of Dilatoriness**

Regarding the third factor, "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874 (citing *Poulis,* 747 F.2d at 868). Here, Plaintiff has consistently failed to respond to motions since their earliest filing in July of 2024. Additionally, he has failed to consistently maintain a proper mailing address in accordance with Local Rule 83.18, causing even further delay of litigation. *See* M.D.Pa.L.R. 83.18 ("Whenever a party by whom or on whose

behalf an initial paper is offered for filing is not represented in the action, such party shall maintain on file with the clerk a current address at which all notices and copies of pleadings, motions, or papers in the action may be served upon such party.").

Plaintiff has an ongoing history of dilatoriness. Accordingly, this factor weighs in favor of dismissal.

**4. Willful or Bad Faith Conduct**

This Court next considers whether Plaintiff's "conduct was the type of willful or contumacious behavior which [can be] characterized as flagrant bad faith." *McKnight*, 2025 WL 1710244, at *7 (internal quotations and citations omitted). Here, Plaintiff was repeatedly ordered to file a brief in opposition to Dr. Kross's and Dr. Kollman's motions to dismiss, but he has failed to do so. (Docs. 40, 48). Additionally, despite this Court reminding Plaintiff that he has yet to respond to Dr. Kross's and Dr. Kollman's first motion to dismiss, and Dr. Boland's and Nurse McCormick's first motion to dismiss, (Docs. 24-25, 27-28), he failed to do so. (Doc. 40). Moreover, Plaintiff was warned of the possible consequences of failing to file briefs in opposition. *Id.*

At this point, Plaintiff has failed to comply with the Court's instructions directing him to take specific actions in this case. The Court concludes that Plaintiff's actions "are not accidental or inadvertent, but rather reflect an

intentional disregard for the Court's directives and this case." *McKnight*, 2025 WL 1710244, at *7. Thus, this factor weighs in favor of dismissal.

**5. Effectiveness of Alternative Sanctions**

Generally, "sanctions less than dismissal [are] ineffective when a litigant . . . is proceeding *pro se*." *Id.* (quoting *Lopez*, 435 F.App'x at 116). "[W]here the Court is faced with the lack of cooperation on the part of the individual who brought the claims against Defendants, the only appropriate sanction is dismissal of those certain claims with which [Plaintiff] has failed to engage. Otherwise, the case would linger indefinitely on the Court's docket." *Id.* Accordingly, this factor weighs in favor of dismissal.

**6. Meritoriousness of Plaintiff's Claims**

"Generally, in determining whether a plaintiff's claim is meritorious, we use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008). Here, there are multiple outstanding motions to dismiss for failure to state a claim, filed pursuant to Rule 12(b)(6). (Docs. 24-25, 27-28). Plaintiff has failed to respond to such motions, so this Court declines to express an opinion as to whether the underlying claims contained in the complaint are likely to be meritorious. *See Poulis*, 747 F.2d at 870 (Noting that "plaintiffs filed no answer to the motion to dismiss," and accordingly declining to express an

opinion as to whether summary judgment or dismissal would have been warranted).

## III. CONCLUSION

On balance, the *Poulis* factors weigh heavily in favor of dismissal of the claims against all remaining Defendants. For the reasons stated herein, the Court will grant the pending motions to dismiss as unopposed, and dismiss the complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute, and failure to comply with a Court Order. The Court will direct that this case be closed. An appropriate order follows.

**MALACHY E. MANNION**
**United States District Judge**

**DATE:** 8/21/26
23-1531-02